UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GEORGE LOVELL, ET AL                    CIVIL ACTION

VERSUS                                  NO. 07-7664

STATE FARM INSURANCE COMPANY            SECTION "C" (1)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.   Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs' petition concerns unpaid Katrina-related losses allegedly covered under a homeowner's policy issued by the defendant.   This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d

559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the

district courts that they should review their subject matter jurisdiction in cases such as

this.  <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).  In order to remain in

federal court, the removing parties must prove by a preponderance of the evidence that

the jurisdictional minimum exists. <u>Id.</u>  This showing may be made by either: (1)

demonstrating that it is facially apparent that the claims are likely above the

jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding

of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking

jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in

view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be

made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury</u>

<u>Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General</u>

<u>Motors Corp.</u>, 298 U.S. 178, 182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681

F.2d 1039 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1107 (1983).

 The defendant has not met its burden to show that the jurisdictional amount is

facially apparent for present purposes.   The defendant's memorandum does not address

the issue, and argues in its petition for removal that the $170,000 remaining policy limit

and the possibility of penalties are determinative.  (Rec. Doc. 4).   The plaintiffs state that

they have received $120,200 under their flood policy, and the defendant states that the

plaintiffs have been paid approximately $4,000 under their homeowner's policy. (Rec. Docs. 4 & 5). This Court has repeatedly held that because insurance policies are contracts of indemnity, any recovery is subject to offset by payments received under flood insurance policies under these circumstances. See e.g. *Reeves v. State Farm Insurance Co.*, 2007 WL 2264434 (E.D.La.). See also *Esposito v. Allstate Insurance Co.*, 2007 WL 1125761 (E.D.La.)(J. Zainey); *Weiss v. Allstate Insurance Co.*, 2007 WL 891869 (E.D.La.)(J. Vance). [1] Under these circumstances, the Court finds that the defendant has not made a showing "sufficiently particularized" to meet its burden.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

---

[1]    The Court recognizes the apparent inequity in paying separate premiums for flood coverage and wind coverage and yet receiving what amounts to shared recovery under circumstances such as those presented in this case. That is an anomaly created by the fact that homeowners' policies do not usually cover flood loss and, to be sure of the coverage for all contingencies, both policies are needed. Katrina was unusual in the breadth of damage caused.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 34th  Judicial District Court
for the Parish of St. Bernard, State of Louisiana for lack of jurisdiction under 28 U.S.C. §
1147(c).

New Orleans, Louisiana, this 12th day of December, 2007.


_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE